IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KEVIN RAY MORRIS, SR., #02132142, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-458-JDK-KNM |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Kevin Ray Morris, Sr., a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

On April 4, 2022, Respondent asserted that the petition was untimely and should be dismissed on that basis. Docket No. 8. On January 31, 2023, after allowing Petitioner to conduct limited discovery and file his reply, Judge Mitchell issued a Report recommending that the Court dismiss the petition with prejudice as barred by the applicable statute of limitations and deny a certificate of appealability. Docket No. 28. Petitioner filed written objections to the Report. Docket No. 29.

Where a party timely objects to a Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

1

record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Petitioner's objection is not persuasive. He primarily argues for tolling or delaying commencement of the limitations period in connection with a state habeas petition that he claims he deposited for mailing on September 23, 2019, but discovered on August 28, 2020 had never been filed. Docket No. 29 at 2. Petitioner did not mention this missing petition in either his federal petition (*see* Docket No. 1 at 3–4, 10), his first motion for extension of time to reply (Docket No. 10 at 1), or his motion for discovery of evidence he said would establish the timeliness of his petition. Docket No. 14. To the contrary, Petitioner asserted other reasons for tolling in each of those filings, including medical issues, Covid-19 quarantines, delays in returning his property, and a delay in informing him of the final ruling on his direct appeal. He also did not mention the missing state habeas petition in the state petition he ultimately filed in April 2021, in which he indicated that he had not previously filed any state habeas petition. Docket No. 9-37 at 3.

Unlike the petitioner in the case on which he now relies, *Critchley v. Thaler*, 586 F.3d 318 (5th Cir. 2009), Petitioner has not offered any evidence in support of his eleventh-hour and self-serving claim of a missing state habeas petition. A petitioner's unsupported assertion of a missing state habeas filing is not enough to overcome the statute of limitations. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)

(explaining that a court cannot rely on "a habeas petitioner's bald assertions on a critical issue"). Moreover, the Fifth Circuit has effectively limited the ruling in *Critchley* to the unique facts of that case:

> McNac has failed to demonstrate that the clerk's office's delay in filing his application rises to the level of a constitutional deprivation of due process as in *Critchley*. *See Egerton*, 334 F.3d at 436. In *Critchley*, we held that the "state court's failure to process [Critchley's] application and others filed by Critchley, *coupled with* its apparent failure to process petitions filed by other prisoners constitutes a state-created impediment under § 2244(d)(1)(B)." 586 F.3d at 320 (emphasis added). Thus, the record evidence in *Critchley* that the Hays County District Court clerk's office had an "apparent practice of mishandling prisoner filings" was crucial to its holding that there was a constitutional deprivation of due process and a state-created impediment. *Id.* at 319. In the instant case, however, McNac has failed to present any evidence that the Dallas County District Court clerk's office routinely fails to file prisoners' applications. *See Wickware v. Thaler*, 404 F. App'x 856, 862 (5th Cir. 2010) (stating that *Critchley* "involved a complete absence of due process in the form of the repeated failure of a district clerk to comply with a ministerial duty to file").

*McNac v. Thaler*, 480 F. App'x 338, 343 (5th Cir. 2012). Petitioner's assertion of a petition lost in the mail, even if true, thus does not rise to the level of the circumstances found to warrant deeming a federal petition timely in *Critchley*.

The rest of Petitioner's objection simply reargues his position that the pandemic, his own health issues, and delayed discovery of the conclusion of his direct appeal should toll his limitations period. Those arguments fail for the reasons already explained by the Magistrate Judge.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 29) and **ADOPTS** the Report and

Recommendation of the Magistrate Judge (Docket No. 28) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice as untimely. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **6th** day of **March, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE